UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.A., *individually and on behalf of* M.A., *a child with a disability*,

Plaintiff,

-v-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

20 Civ. 10785 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion for attorneys' fees and costs in this action under the Individuals with Disabilities Education Act of 1990 ("IDEA"), 20 U.S.C. § 1400 *et seq.*[1] Plaintiff H.A. sued the New York City Department of Education (the "DOE") after being awarded independent evaluations and related accommodations for her disabled child, M.A., in an administrative hearing before an independent hearing officer ("IHO"). H.A. requests attorneys' fees, costs, and interest, totaling $47,094.05, and covering both the underlying administrative proceeding and this action. Relatedly, as a means to secure a higher fee award, H.A. also asks the Court to issue a declaratory judgment that DOE unreasonably protracted the final resolution of the administrative proceeding.

For the reasons below, the Court grants the motion for fees and costs, but in sums below those sought, and denies the motion for declaratory relief.

---

[1] The IDEA, Pub. L. No. 108–46, 118 Stat. 2647 (2004), reauthorized (and amended) the IDEA. This opinion refers to the updated version of the statute.

I.     **Background**

A.     **The IDEA Action and Proceedings Before the IHO**

M.A. is a male child with a disability covered by the IDEA.  Dkt. 26, ("56.1") ¶ 2.  On

August 5, 2019, H.A. submitted a due process complaint to DOE's Impartial Hearing Office.

The complaint alleged that DOE had failed to fund independent educational evaluations of M.A.

during the 2017–2018 school year while failing to file a due process complaint in response to

M.A.'s earlier written requests for such funding.  *Id.* ¶ 10.

The Impartial Hearing Office then initiated an impartial due process hearing on behalf of

M.A.  *Id.* ¶ 9.  There, H.A. sought an order (1) requiring DOE to authorize and pay for

independent neuropsychological, occupational therapy, and speech-therapy evaluations for M.A.;

(2) requiring DOE to pay for H.A.'s and M.A.'s transportation to and from appointments for

these evaluations; (3) requiring DOE to convene an "IEP meeting" to consider new evaluations

and special education and related services for M.A. in light of the independent evaluation

reports; and (4) awarding H.A. attorneys' fees and expenses.  *Id.* ¶ 11.

After H.A. submitted the complaint, DOE did not respond to inquiries from counsel

submitted on September 9, October 8, and December 10, 2019 regarding whether DOE intended

to defend the case.  *Id.* ¶¶ 17, 23, 26.  DOE also did not appear at a September 23, 2019 pre-

hearing conference before the IHO.  *Id.* ¶ 20.  On December 16, 2019, H.A. moved for summary

judgment before the IHO.  DOE again did not respond.  *Id.* ¶¶ 27, 29.

On December 19, 2019, the IHO informed the parties that it would not rule on summary

judgment motions.  It scheduled a January 10, 2019 pre-hearing conference.  *Id.* ¶ 33.  Each of

the pre-hearing conferences lasted approximately 3 minutes.  Dkt. 39 ("Pekala Decl.") ¶¶ 5, 7.

On January 8, 2020, DOE informed H.A. that it did not have a case.  56.1 ¶ 42.

On January 24, 2020, the IHO held a 17-minute hearing, during which H.A. entered 14 exhibits into the record. No witnesses were presented. *Id.* ¶¶ 46–47; Pekala Decl. ¶ 8. At the hearing, DOE conceded that M.A. had not been evaluated. But it objected to H.A.'s request for payment for transportation to and from independent evaluation sites and proposal that DOE convene the IEP meeting within 10 days of receiving the independent evaluation reports. *Id.* ¶¶ 48–49; Pekala Decl. ¶¶ 8–9. On February 7, 2020, H.A. submitted an approximately 5-page brief in response to DOE's objections. 56.1 ¶ 51; *see* Dkt. 29-9. On February 21, 2020, the IHO issued a final decision. It awarded H.A. the requested evaluations, reimbursement for transportation expenses, and required the IEP meeting to occur within 3 weeks of DOE's receipt of all evaluations. 56.1 ¶ 52; *see* Dkt. 29-10.

### B.    Procedural History of H.A.'s Fees Action in this Court

On December 21, 2020, H.A. filed this action. It sought attorneys' fees and costs, and a declaratory judgment that DOE unreasonably protracted the final resolution of the administrative proceeding.[2] Dkt. 1. On March 2, 2021, DOE answered. Dkt. 13. On March 9, 2021, H.A. filed an amended complaint. Dkt. 16 ("AC"). On August 6, 2021, H.A. filed a motion for summary judgment. Dkt. 27 ("Mot."). On October 6, 2021, DOE opposed the motion. Dkt. 38 ("City Opp'n"). On October 22, 2021, H.A. replied. Dkt. 44.

## II.    Discussion

### A.    Applicable Legal Principles

"The IDEA aims 'to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to

---

[2] At the time H.A. commenced the action in this Court, DOE had not made all payments for the evaluations as required by the IHO's decision. It now has. Pekala Decl. ¶ 13.

meet their unique needs.'" *A.R. ex rel. R.V. v. N.Y. City Dep't of Educ.*, 407 F.3d 65, 72 (2d Cir. 2005) (quoting 20 U.S.C. § 1400(d)(1)(A)).  States that receive certain federal funds must "offer parents of a disabled student an array of procedural safeguards designed to help ensure the education of their child." *Polera v. Bd. of Educ.*, 288 F.3d 478, 482 (2d Cir. 2002).  Parents are entitled to bring complaints regarding the "provision of a free appropriate public education" ("FAPE") to their child, 20 U.S.C. § 1415(b)(6), and to have those complaints heard by an IHO. *See id.* § 1415(f)(1); N.Y. Educ. L. § 4404(1); *see also A.R.*, 407 F.3d at 72.

"In the United States, parties are ordinarily required to bear their own attorney's fees— the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001) (citation omitted).  However, under the IDEA, if a parent of the child with a disability is the "prevailing party" in the litigation, the district court has discretion to award the parent "reasonable attorneys' fees" and costs incurred.  20 U.S.C. § 1415(i)(3)(B)(i); *see also J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 121 (2d Cir. 2002).  The award may cover work performed before (1) the IHO, (2) the State Review Officer ("SRO"), (3) the district court, and (4) on appeal.  *See A.R.*, 407 F.3d at 84 (affirming award of fees incurred during IHO proceedings and before district court, and remanding to consider whether, on facts of the case, fees should be awarded for work during Second Circuit appeal); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 437 (S.D.N.Y. 2012) (awarding fees for work conducted in SRO proceeding).  Prevailing parties are also entitled to reimbursement for the reasonable costs incurred in litigating an IDEA case. *G.B.*, 894 F. Supp. 2d at 443.

To determine the award and the amount of fees, the court must engage in a two-step inquiry.  First, the court must determine whether the party seeking to enforce the fee-shifting

provision is the "prevailing party." *Mr. L. v. Sloan*, 449 F.3d 405, 405–07 (2d Cir. 2006).

Second, the court must determine whether the party "should be awarded attorneys' fees." *Id.* In

determining whether such fees should be awarded, and in what amount, the court examines

whether the fees are reasonable in light of the litigation. *Hensley v. Eckerhart*, 461 U.S. 424,

433 (1983). The district court has the discretion to reduce the award if the fees or hours reported

are excessive or misleading. *Id.* at 437; *see* 20 U.S.C. § 1415(i)(3)(F) (requiring court to reduce

attorneys' fees awarded upon findings of, *inter alia*, excessive reported or hourly rates); *see also*

*id.* § 1415(i)(3)(G) (exception to subsection (F) where state or local agency unreasonably

protracts final resolution of action or proceeding).

### B.     Prevailing Party

To be a prevailing party under the IDEA, a plaintiff must achieve (1) "some material

alteration of the legal relationship of the parties" that is (2) "judicially sanctioned." *A.R.*, 407

F.3d at 67. The Second Circuit has held that a party who receives agency-ordered relief on the

merits of their claim is a "prevailing party" for the purposes of IDEA. *Id.* at 75. A party need

not recover on all of her claims in order to be considered the "prevailing party." *K.L. v. Warwick*

*Valley Cent. Sch. Dist.*, No. 12 Civ. 6313 (DLC), 2013 WL 4766339, at *5 (S.D.N.Y. Sept. 5,

2013), *aff'd*, 584 Fed. App'x 17 (2d Cir. 2014) (summary order). However, she "must succeed

on a significant issue in litigation which achieves some of the benefit the parties sought in

bringing suit." *Id.*

### C.     Calculation of Fees

The starting point for determining the presumptively reasonable fee award is the

"lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number

of hours required by the case." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The lodestar is not "conclusive in all circumstances," and may be adjusted when it fails to "adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 167.

### 1.    Reasonable Hourly Rates

Under the fee-shifting provision of the IDEA, the court determines a reasonable hourly rate "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).  A reasonable rate is one a reasonable, paying-per-hour client would pay for the same services rendered. *K.F. v. N.Y. City Dep't of Educ.*, No. 10 Civ. 5465 (PKC), 2011 WL 3586142, at *3 (S.D.N.Y. Aug. 10, 2011), *adhered to as amended*, 2011 WL 4684361 (S.D.N.Y. Oct. 5, 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). The community used for purposes of IDEA fee-shifting litigation is the district in which the issue arose—specifically, where the student was denied a FAPE. *Id.* at *2.  However, in determining reasonable hourly rates, it is also important to look to the area of legal practice at issue.  That is because legal markets are today so interconnected that it is no longer meaningful, in assessing a reasonable rate, to look to geographic location alone. *See Arbor Hill*, 522 F.3d at 192.

In determining a reasonable rate, district courts are also to consider case-specific variables known as the "*Johnson* factors."  These include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186–87. "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *E.F. ex rel. N.R. v. N.Y. City Dep't of Educ.*, No. 11 Civ. 5243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014) (internal citations omitted).

### 2.   Reasonable Hours

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. The Court has the discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). To determine the reasonableness of hours spent on a matter, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. *Hensley*, 461 U.S. at 436–37; *see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application."); *J.R. v. N.Y. City Dep't of Educ.*, No. 19 Civ. 11783 (RA), 2021 WL 3406370, at *5 (S.D.N.Y. Aug. 4, 2021) (citing cases). As Justice Kagan has instructed, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

### D.   Costs

A district court may also award reasonable costs to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The term "costs" includes costs incurred in connection with work yielding

fees covered by a fee award,[3] as well as the specific types of costs set out in 28 U.S.C. § 1920, the general provision governing the taxation of costs in federal court. *See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297–98 (2006); *G.B. ex rel. N.B. v. Tuxedo Union Free Sch. Dist.*, 894 F. Supp. 2d 415, 443 (S.D.N.Y. 2012). Commonly compensable costs include reasonable filing and process server costs. *See* 28 U.S.C. § 1920; *G.B.*, 894 F. Supp. 2d at 443; *M.K.*, 578 F. Supp. 2d at 434.

### III. Discussion

#### A. Overview of H.A.'s Fee and Cost Requests

It is undisputed that H.A. prevailed in the proceeding before the IHO. 56.1 ¶ 94; City Opp'n at 8. The IHO ordered DOE to fund the independent evaluations H.A. sought, pay for H.A.'s and M.A.'s transportation to and from those evaluations, and convene an IEP meeting to review the evaluations within three weeks of receiving the evaluations. 56.1 ¶ 52; *see* Dkt. 29-10. The principal issue before this Court is whether the fees and costs H.A. has requested are reasonable. As to both fees and costs, H.A. seeks compensation for work performed both before the IHO (the "administrative proceeding"), and in this follow-on fees litigation.

As to the administrative proceeding, H.A. seeks a fee award reflecting hours worked by four attorneys at the Cuddy Law Firm (Andrew Cuddy, Michael Cuddy, Justin Coretti, and Benjamin Kopp) and six of the firm's paralegals (Shobna Cuddy, Sarah Woodard, Amanda

---

[3] The principles articulated in *LeBlanc–Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998), control as to out-of-pocket expenses other than expert-witness fees. There, the Second Circuit held that an attorney's fee award includes those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients. *See M.K. ex rel. K. v. Sergi*, 578 F. Supp. 2d 425, 433–34 (D. Conn. 2008).

Pinchak, Cailin O'Donnell, Emma Bianco, and Burhan Meghezzi).[4]  Before the IHO, Kopp

served as lead counsel.  Dkt. 29 ("Kopp Decl.") ¶ 44.  He led hearing preparation, communicated

with DOE and H.A., attended conferences and the January hearing, and drafted briefs.  *See id.*;

Dkt. 28 ("Cuddy Decl.") ¶¶ 42–43.  H.A. seeks an award for the following work during the

administrative proceeding.[5]

| Attorney's Fees:  Administrative Proceeding | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Total** |
| Andrew Cuddy | $550.00 | 1.5 | $825.00 |
| Michael Cuddy | $550.00 | 0.5 | $275.00 |
| Justin Coretti | $425.00 | 0.3 | $127.50 |
| Benjamin Kopp | $400.00 | 34.5 | $13,800.00 |
| **Total** | | **36.8** | **$15,027.50** |
| Paralegal Fees:  Administrative Proceeding | | | |
| **Paralegal** | **Rate** | **Hours** | **Total** |
| Shobna Cuddy | $225.00 | 2.4 | $540.00 |
| Sarah Woodard | $225.00 | 0.7 | $157.50 |
| Amanda Pinchak | $225.00 | 6.3 | $1,417.50 |
| Cailin O'Donnell | $225.00 | 6.7 | $1,507.50 |
| Emma Bianco | $225.00 | 1.6 | $360.00 |
| Burhan Meghezzi | $225.00 | 0.2 | $45.00 |
| **Total** | | **17.9** | **$4,027.50** |

As to litigation before this Court, Kopp again served as lead attorney, with assistance

from Andrew Cuddy.  *See* Cuddy Decl. ¶ 44.  H.A. seeks an award for the following work:

| Attorney's Fees:  SDNY | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Total** |
| Andrew Cuddy | $550.00 | 8.5 | $4,675.00 |
| Benjamin Kopp | $400.00 | 49 | $19,600.00 |
| **Total** | | **57.5** | **$24,275.00** |

---

[4] H.A. has rightly not requested fees for several other attorneys and staff whose involvement in
these proceedings was very limited.  *See* Dkt. 28 ¶ 49.

[5] The charts set out here reflect the data in paragraph 140 of docket entry 28.

| Paralegal Fees: SDNY | | | |
|---|---|---|---|
| Paralegal | Rate | Hours | Total |
| Shobna Cuddy | $225.00 | 1.6 | $360.00 |
| Cailin O'Donnell | $225.00 | 9.4 | $2,115.00 |
| Total | | 11 | $2,475.00 |

H.A. also seeks reimbursement for costs incurred during both phases.  These costs are summarized below.

| Costs: Administrative Proceeding | |
|---|---|
| Expense | Total |
| Fax | $234 (at a cost of $2 per page) |
| Printing | $196.50 (at a cost of $0.50 per page) |
| Lodging | $128.64 |
| Meal | $18.38 |
| Postage | $43.83 |
| Total | $621.35 |

| Costs: SDNY | |
|---|---|
| Expense | Total |
| Filing Fee | $402.00 |
| Total | $402.00 |

The Court begins by determining the reasonable hourly rates for the relevant timekeepers, a point on which the parties' views are far apart.  The Court then addresses DOE's objections to paying for certain hours billed; DOE's request for an across-the-board reduction in fees; and H.A's request for costs.

**B.      Reasonable Rates**

The Court has considered all *Johnson* factors in its analysis for each timekeeper.  Its discussion here centers on the facts it has found determinative.

**1.      Analysis Applicable to All Timekeepers**

IDEA litigation is undoubtedly a specialized field in which attorneys seek to vindicate vitally important interests of children in need of special education.  H.A., however, has not

adduced any evidence that, relative to a typical single-plaintiff IDEA case, this case presented

novel or complex legal or factual issues. *See J.R.*, 2021 WL 3406370, at *4 ("[T]his appears to

have been a fairly standard action for special education and related services[,] . . . [as] Defendant

did not put on any witnesses nor present any evidence and agreed to most of Plaintiff's requests

before the [decision] was issued" and "the administrative proceedings in this case took less than

two hours."). Quite the contrary, the main challenge confronting plaintiffs' counsel below

appears to have been awakening DOE to engage with H.A.'s requests for assistance for her son.

The administrative action itself was thereafter uncontested, comprising just two 3-minute

conferences and one 17-minute hearing, at which there was no witness testimony (oral or by

affidavit) and at which 14 exhibits were entered into the record without objection. Nor is there

any indication that, in taking or pursuing this case, the Cuddy Law Firm was inhibited from

taking on other work. These facts bear on both the hourly rates reasonable here and the hours for

which a fee award payable by DOE is warranted.

The relevant community for the purposes of determining a reasonable rate is the Southern

District of New York, where both this litigation and the underlying administrative proceeding are

centered.[6] The relevant practice area is special education law, specifically IDEA litigation. In

recent years, "[t]he prevailing market rate for experienced, special-education attorneys in the

New York area . . . [has been] between $350 and $475 per hour." *Id.* at *3 (citing *M.D. v. N.Y.

City Dep't of Educ.*, 17 Civ. 417 (JMF), 2018 WL 4386086, at *3 (S.D.N.Y. Sept 14, 2018)

(collecting cases); *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632 (PAE), 2018 WL

---

[6] The Cuddy Law Firm is based in the Northern District of New York. However, "an out-of-district attorney may be entitled to receive a higher rate when practicing in this district than the rate . . . he or she ordinarily receives in the community in which he or she usually practices." *K.F.*, 2011 WL 3586142, at *2.

3769972, at *6 (S.D.N.Y. Aug. 9, 2018) (same)).  "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275." *C.D.*, 2018 WL 3769972, at *7.  "Paralegals, depending on skills and experience, have generally garnered between $100 and $125 per hour in IDEA cases in this District." *R.G. v. N.Y. City Dep't of Educ.*, No. 18 Civ. 6851 (VEC), 2019 WL 4735050, at *3 (S.D.N.Y. Sept. 26, 2019) (collecting cases).

 2. **Andrew and Michael Cuddy**

 H.A. seeks an hourly rate of $550 for attorneys Andrew and Michael Cuddy.  DOE argues that their hourly rate should be $350.  DOE Opp'n at 7.  Andrew and Michael Cuddy are both experienced attorneys in special education law.  Andrew Cuddy is a 1996 law school graduate who has been litigating special education matters since 2001.  Cuddy Decl. ¶¶ 103, 108.  Michael Cuddy is a 1988 law school graduate who has been practicing special education law for more than 10 years. *Id.* ¶ 120.

 Courts in this District have recently awarded Andrew and Michael Cuddy $350–$375 per hour, despite their consistent requests for $500 per hour. *See J.R.*, 2021 WL 3406370, at *4 (awarding $350 per hour); *M.D. v. N.Y. Dep't of Educ.*, No. 20 Civ. 6060 (LGS), 2021 WL 3030053, at *3 (S.D.N.Y. July 16, 2021) ($375 per hour); *H.C. v. N.Y. City Dep't of Educ.*, No. 20 Civ. 844 (JLC), 2021 WL 2471195, at *6 (S.D.N.Y. June 17, 2021) ($360 per hour); *S.J. v. N.Y. City Dep't of Educ.*, No. 120 Civ. 1922 (LGS) (SDA), 2020 WL 6151112, at *4 (S.D.N.Y. Oct. 20, 2020), *report and recommendation adopted as modified*, 2021 WL 100501 (S.D.N.Y.

Jan. 12, 2021) ($360 per hour); *R.G.*, 2019 WL 4735050, at *3 ($350 per hour); *M.D.*, 2018 WL 4386086, at *3 ($360 per hour).[7]

Such rates are consistent with awards granted in IDEA cases, including those litigated by the Cuddy Law Firm, where liability is essentially uncontested, as here. *See M.H. v. N.Y. City Dep't of Educ.*, 20 Civ. 1923 (LJL), 2021 WL 4804031, at *13 (S.D.N.Y. Oct. 1, 2021) (awarding Andrew Cuddy $420 per hour in case involving contested hearing, including presentation and cross-examination of witnesses, and distinguishing "essentially uncontested" cases where courts awarded fees of $375 and $360 per hour); *M.D.*, 2021 WL 3030053, at *3; *C.D.*, 2018 WL 37669972, at *2, *7 (awarding Andrew Cuddy $400 per hour in an IDEA case with a comparatively far more complex procedural history than this one, given its contested nature and 11 days' worth of hearings).[8]

These precedents, along with the *Johnson* factors, make a rate of $375 per hour for the work here Andrew and Michael Cuddy reasonable. *See M.D.*, 2021 WL 3030053, at *3 ("The hourly rate applied in cases of similar size and complexity as this one—in which Defendant conceded failure to provide a FAPE at the first hearing and presented no witnesses—is generally in the $350 to $400 range for experienced attorneys like Andrew and Michael Cuddy.").

### 3.   Kopp

---

[7] H.A. argues that these decisions were "invalidated" by *A.B. v. N.Y. City Dep't of Educ.*, No. 21 Civ. 3129 (SDA), 2021 WL 951928, at *3 (S.D.N.Y. Mar. 13, 2021), which noted that "the prevailing market rate for experienced special education attorneys . . . surely has increased since *circa* 2018." The cases on which the Court relies here, however, were decided "since *circa* 2018" and supply apt guidance on the reasonable rates for these practitioners in like cases.

[8] In defending the fee request, H.A. points to the hourly rates approved for other civil rights practitioners in this District in various species of cases. *See* Kopp. Decl. ¶¶ 206–08. But as DOE points out, the most apposite rates—and the best evidence of the reasonable prevailing rates for this litigation—are those set in cases most closely resembling this: namely, uncontested IDEA cases litigated by the Cuddy Law Firm in this District in the past several years.

H.A. seeks an hourly rate of $400 for Kopp. Kopp is a 2015 law school graduate who has been litigating special education matters for two or three years. Kopp Decl. ¶¶ 215, 218. DOE argues that Kopp's hourly rate should be $225. DOE Opp'n at 7.

H.A.'s proposed rate for Kopp is well above the range of rates typically approved by courts in this District for junior associates in IDEA litigation. "For associates with three or fewer years of experience in such litigation, courts in this District have typically approved rates of $150–$275." *C.D.*, 2018 WL 3769972, at *7 (citing *J.S. ex rel. Z.S. v. Carmel Cent. Sch. Dist.*, No. 10 Civ. 8021 (VB), 2011 WL 3251801, at *6 (S.D.N.Y. Jul. 26, 2011) (awarding first- and second-year associates rates of $150 to $175 per hour in IDEA litigation); *L.V. v. N.Y. City Dep't of Educ.*, 700 F. Supp. 2d 510, 519–20 (S.D.N.Y. 2010) (awarding $275 for a junior attorney with one-to-three years' experience).

Kopp was first admitted to practice in New York in January 2016, and practiced general litigation for two years before joining the Cuddy Law Firm, at which Kopp appears to have first started litigating IDEA cases. Kopp Decl. ¶¶ 214, 217–18. In August 2021, when this motion was filed, Kopp had worked at Cuddy Law Firm for two years. *Id.* ¶¶ 218–22; *but see S.J.*, No. 20 Civ. 1922, Dkt. 26 (IDEA case in which Kopp submitted a declaration in August *2020* also attesting that he had joined the Cuddy Law Firm two years prior). Thus, when Kopp took over H.A.'s case in August 2019, he appears to have had under a year's experience litigating IDEA cases and limited general litigation experience. That experience grew during this matter. Kopp is responsible for the lion's share of the Cuddy Law Firm's work in this case: he led hearing preparation, communicated with DOE and H.A., attended the two short conferences and the January hearing, and drafted briefs in the administrative proceeding and before this Court.

14

In October 2020, a court in this District found an hourly rate of $200 reasonable for Kopp's work in an IDEA case, rejecting the requested $350 per hour. *See S.J.*, 2020 WL 6151112, at *5. A year later, a court in this District found an hourly rate of $250 per hour reasonable, again rejecting a $350 per hour request. *See J.R.*, 2021 WL 3406370, at *4; *see also M.H.*, 2021 WL 4804031, at *14 (finding hourly rate of $200 warranted for "quotidian" work Kopp performed in IDEA case). Consistent with these precedents, and in recognition of the fact that Kopp today has increased experience litigating IDEA matters, the Court will award an amount on the higher end of the range typically awarded junior attorneys,[9] but lower than H.A.'s outsize $400 request. *Cf. C.D.*, 2018 WL 37669972, at *7 (in IDEA case with a more complex history than this one, finding $300 per hour rate reasonable for attorney who graduated law school in 1997, had specialized in special education law since joining the Cuddy Law Firm in 2012, and had more than a decade's worth of general litigation experience). The Court finds an hourly rate of $250 for Kopp's work reasonable.

### 4.    Coretti

H.A. seeks an hourly rate of $425 for Coretti. Coretti is a 2012 law school graduate who has been litigating special education matters since 2015. Cuddy Decl. ¶ 121. DOE argues that Coretti's hourly rate should be $250. DOE Opp'n at 7. *See also J.R.*, 2021 WL 3406370, at *4 (setting $250 per hour rate for Coretti where $350–$375 per hour was requested); *M.H.*, 2021 WL 4804031, at *14 (setting hourly rate at $280 where Coretti worked on administrative stage of IDEA case, including by preparing witnesses for testimony and attending hearings). Coretti

---

[9] H.A. argues that labeling Kopp a "junior" attorney is inaccurate given that he was admitted to the bar more than three years ago. *See* Mot. at 29. The decision here is based on an assessment of the *Johnson* factors (including the attorney's years of experience) and analogous precedents, not on labels like "junior" or "senior."

performed virtually no work on this case, billing only 0.3 hours to the administrative action and none in the litigation in this Court. Dkt. 28 ¶¶ 43–44. Given his greater experience than Kopp, and comparatively lower experience than Andrew and Michael Cuddy, and in consideration of the *Johnson* factors, the Court finds an hourly rate of $275 for Coretti reasonable.

### 5.   Shobna Cuddy, O'Donnell, Woodard, Pinchak, Bianco, and Meghezzi

H.A. seeks an hourly rate of $225 for paralegals Shobna Cuddy, O'Donnell, Woodard, Pinchak, Bianco, and Meghezzi. Shobna Cuddy is the Cuddy Law Firm's senior paralegal and has worked there as a paralegal and office manager since 2007. Cuddy Decl. ¶ 123. O'Donnell has a bachelor's degree and has worked as a paralegal with the firm since 2019. *Id.* ¶ 124. Woodard has a bachelor's degree and worked for the firm from 2015 to 2018, and had worked as a paralegal or legal assistant for more than a decade before then. *Id.* ¶ 126; *C.D.*, 2018 WL 3769972, at *7. Pinchak worked as a paralegal with the firm from 2016 to 2019, Cuddy Decl. ¶ 127; Bianco for approximately 6 months, *id.* ¶ 128; and Meghezzi for approximately 8 months, *id.* ¶ 129. H.A. has not supplied further information regarding the paralegals' relevant experience or qualifications. DOE argues that all paralegals' hourly rates should be $100. DOE Opp'n at 7.

H.A.'s proposed hourly rate for the paralegals far exceeds the prevailing rate in this District, as reflected in numerous recent decisions. Decisions involving the Cuddy Law Firm approved fee awards embodying hourly rates of $100 to $125 for paralegal work. *See, e.g., C.D.*, 2018 WL 3769972, at *7 (awarding $125 hourly rate for experienced Cuddy Law Firm paralegal with more than entry-level qualifications and $100 hourly rate for inexperienced Cuddy Law Firm paralegal or one with only entry-level qualifications in IDEA case); *J.R.*, 2021 WL 3406370, at *4 (awarding $100 per hour for Cuddy Law Firm paralegals in IDEA case); *H.C. v.*

*N.Y. City Dep't of Educ.*, No. 20 Civ. 844 (JLC), 2021 WL 2471195, at *7 (S.D.N.Y. June 17, 2021) (same); *M.D.*, 2018 WL 4386086, at *3 (awarding $100–120 per hour for Cuddy Law Firm paralegals); *S.J.*, 2020 WL 6151112, at *5 (same).  And this case has not presented the difficulties paralegals might face in complex commercial cases that go to trial, which, in conjunction with paralegals' significant experience, have justified awarding $200 rates for paralegals. *Cf. Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 56–57 (S.D.N.Y. 2015).

Consistent with these authorities, the Court finds that $125 per hour is a reasonable rate for work performed by an experienced paralegal with more than entry-level qualifications in this matter.  The Court will apply that rate to Woodard's work. *See C.D.*, 2018 WL 3769972, at *7 (awarding Woodard $125 per hour).

However, as to Shobna Cuddy, O'Donnell, Pinchak, Bianco, and Meghezzi, the Court cannot approve such a rate, let alone one the $225 rate H.A. seeks.  H.A. bears the burden of providing evidence to support her fee application, including as to the timekeeper's relevant qualifications and experience. *See Torres v. City of New York*, No. 07 Civ. 3473 (GEL), 2008 WL 419306, at *2 (S.D.N.Y. Feb. 14, 2008) ("Although it is his burden to do so, plaintiff presents no evidence regarding the skills, qualifications, or experience of the paralegal here.").  When such evidence has not been provided, courts typically award fees at the bottom of the customary fee range. *See L.V.*, 700 F. Supp. 2d at 523 ("If plaintiffs had provided no information about the paralegals' levels of experience, an award at the lower end of the range might be appropriate."); *Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 WL 3109846, at *5 (S.D.N.Y. Sept. 29, 2009) ("While defendants are correct that the burden is on the moving party to show that the requested fees are reasonable, plaintiffs' request of $100 per hour is on the low end of the customary range in this district and therefore commensurate with

the presumed inexperience of plaintiffs' paralegal staff."); *Torres*, 2008 WL 419306, at *2 (noting that "compensation must be made near the lower end of the market range" given the lack of evidence regarding paralegals' qualifications). On the record presented, O'Donnell, Bianco, and Meghezzi each had less than a single year's worth of paralegal experience at the time they worked on H.A.'s case, making an hourly rate of $100 warranted. And although Shobna Cuddy and Pinchak have more experience at the firm, they do not appear to have more than entry-level qualifications. Accordingly, the $100 hourly rate is appropriate for them as well. *See C.D.*, 2018 WL 3769972, at *7 (awarding Shobna Cuddy $100 per hour); *H.C.*, 2021 WL 2471195, at *7 (same for Shobna Cuddy and Pinchak); *J.R.*, 2021 WL 3406370, at *6 (same).

### C.    Reasonable Hours

As reviewed above, the underlying IDEA litigation was straightforward. It involved just two 3-minute pre-hearing conferences and one 17-minute hearing. DOE did not contest liability, although it did object in part to an aspect of H.A.'s remedial plan, an issue on which the IHO requested additional guidance. *See* Dkt. 29-8 at 29–31. H.A. also briefed summary judgment before the IHO, albeit before the IHO admonished the parties that it would not consider summary judgment motions.

The Cuddy Law Firm billed 36.8 hours in attorney time and 17.9 hours of paralegal time (54.7 hours total) in connection with the administrative proceeding. Before this Court, the firm billed 57.5 hours of attorney time and 11 hours of paralegal time (68.5 hours total). DOE argues that the reported hours at both stages were excessive. For the reasons below, the Court agrees.[10]

---

[10] H.A. touts that its counsel "clearly made substantial discretionary reductions in billing and, further, scrubbed their requested time of even the appearance of vague or unnecessary time." Mot. at 23; *see* Cuddy Decl. ¶ 49. Although the firm's pruning is commendable, such is also

1.    **Administrative Proceeding**

DOE is correct to contend that, in several respects, the Cuddy Law Firm's fee request reflects excessive hours with respect to the administrative proceeding. [11]

First, the firm billed nearly 9 hours preparing for the 17-minute January 24, 2020 hearing alone. DOE Opp'n at 15; 56.1 ¶ 46. Although the billing records reflect that most of the attorney time was billed before learning that DOE would not contest liability, *see* Dkt. 28-1 at 13; 56.1 ¶ 41, Kopp's view—even before learning of DOE's position—was that the hearing would take "less than 15 minutes," *see* Dkt. 29-16. H.A. does not suggest it reasonably took counsel 9 hours to reach that conclusion, which was plainly right given the simple nature of H.A.'s case and Cuddy Law Firm's experience litigating IDEA cases. In this context, it is excessive to shift responsibility from H.A. to the City for 9 hours of hearing preparation time.

Second, after the hearing, the firm billed another 7.2 hours to draft the approximately 5-page closing brief. City Opp'n at 15–16; *see* Dkt. 29-9. The filing was a response to the IHO's request for "guidance" as to whether DOE should pay for H.A.'s and M.A.'s transportation costs. Dkt. 29-8 at 18–20. The IHO expressly admonished that it "doesn't have to be a full legal brief." *Id.* at 20. And the 5-page brief H.A. submitted largely summarized the uncontested hearing and put in writing H.A. request for such relief, along with just a handful of paragraphs supplying the "guidance" requested. *See* Dkt. 29-9. It is unreasonable to expect the City to cover this much billable time from experienced IDEA counsel for work on this project.

---

expected of counsel. The issue for the Court is not how many excess hours were removed but whether the hours on which the fee application is based are reasonable.

[11] The Court does not agree with one of the City's critiques—that the Cuddy Law Firm's summary judgment motion before the IHO was gratuitous. It was only after that motion was made that the IHO admonished that she "would not rule on summary judgment motions." *See* 56.1 ¶¶ 28–33.

Certain line items in the firm's billing are also problematic. For instance, Kopp billed 0.8 hours for travel to and from the January hearing or to the post office in connection with the administrative proceeding. Dkt. 28-1 at 13–15. "Courts generally approve fees, at 50% of an attorney's usual rate, for reasonable travel conducted in service of ongoing litigation." *C.D.*, 2018 WL 3769972, at *10 (citing *K.F.*, 2011 WL 3586142, at *6; *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 139 (2d Cir. 2008) (discussing how district court compensated at 50% rate for travel per "established court custom")). There is no indication that counsel made such a reduction here. Other problematic practices include the abundance of time entries billing in increments of 0.10 hours—the lowest available—for minor administrative tasks. *Cf. C.D.*, 2018 WL 3769972, at *8 (deducting half of reported hours where billing records reflected multiple 0.10 hour increments on the same day, given that "such a practice can improperly inflate the number of hours billed beyond what is appropriate"). The firm's attorneys and paralegals often billed H.A. 0.10 hours for mundane tasks such as sending a single email, Dkt. 28-1 at 12; attempting unsuccessfully to transfer a call from the client, *id.* at 11; attempting a call and leaving a voicemail, *id.* at 10; and reviewing USPS tracking information, *id.* at 13. A client such as H.A., of course, would be at liberty to tolerate such billing practices and pay the firm based on the full hours that counsel billed.[12] But a client's tolerance is not the measure of reasonableness. *See, e.g.*, *HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573, 599 (S.D.N.Y. 2021) ("For their services, HomeAway is a free agent, at liberty to pay Gibson Dunn the rates it negotiates. It is, however, unreasonable to the point of audacity to ask New York City to bear these rates under § 1988."). The Court's assessment is that a reasonable paying

---

[12] Here, however, H.A. and the firm have a contingent-fee arrangement. *See* AC ¶ 115. It does not appear that the firm's reported time entries have any bearing on the amount, if any, of the fee that H.A. will pay the firm to supplement the award from the City approved here.

client would expect a timekeeper to consolidate such tasks into a single time entry, rather than paying for a series of 0.10-hour time entries, each for a task that likely could likely have been discharged in seconds. It follows that it is not reasonable to expect DOE to absorb such costs. *See Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.").

Considering these factors, and the overall lack of complexity of this action, the Court finds that an across-the-board 20% reduction is warranted to make the Cuddy Law Firm's claimed hours reasonable. A greater reduction would have been in order but for the welcome fact—for which the Cuddy Law Firm deserves credit—that the firm, rather than leaving this matter in the hands of partners, tasked a more junior lawyer, Kopp, with most administrative-stage work. A 20% reduction is synchronous with the reductions in the firm's compensable hours that courts in this District have made, including in IDEA cases far more complex than this, in the interest of assuring that the fee award captures only reasonably incurred work. *See J.R.*, 2021 WL 3406370, at *5 (reducing Cuddy Law Firm's hours by 20% where counsel spent 110.6 hours preparing for uncontested hearing); *M.D.*, 2021 WL 3030053, at *5 (same where counsel spent 84.4 hours preparing for an uncontested 3-hour hearing); *H.C.*, 2021 WL 2471195, at *8 (same where three hearings were held and DOE agreed to several of plaintiff's demands before the first hearing, and plaintiff spent 121.4 hours preparing); *R.G.*, 2019 WL 4735050 at *3–4 (same where four hours of hearings were held and City introduced one witness).

To be sure, the total hours for which the firm seeks recompense for the administrative proceeding here (54.7 hours) are lower than in the cases above. But the hearing regarding M.A. was also uncommonly quotidian, lasting 17 minutes and entailing the mere submission of a small set of uncontested exhibits. Not finding a persuasive showing why the hours claimed were

reasonably necessary to achieve the relief awarded, the Court finds a similar percentage reduction to the firm's billed hours warranted here.

### 2.       Fee Litigation in This Court

Courts in this District also reduce compensable hours where the litigation concerns the "simple and straightforward issue" of "the reasonable amount of fees and costs that Plaintiff's attorneys should be paid for prevailing on behalf of the Plaintiff." *J.R.*, 2021 WL 3406370, at *6 (quoting *S.J.*, 2020 WL 6151112, at *6); *see id.* (reducing Cuddy Law Firm's hours billed to fees litigation in this District, 82.8 hours, by 25%); *M.D.*, 2021 WL 3030053, at *6 (same, reducing 76.2 hours by 50% given the case's "low degree of complexity"); *R.G.*, 2019 WL 4735050, at *5 (same, reducing 59.9 hours to 44.2, or approximately 26%, given case's simplicity). These precedents reflect that "a competent attorney should not have needed more than 40 hours to litigate [a] fee petition. The legal basis for fee petitions is well-plowed acreage, leaving the task of the attorney to marshal the facts to support the number of hours expended on the underlying matter." *B.B. v. N.Y. City Dep't of Educ.*, No. 17 Civ. 4255 (VEC), 2018 WL 1229732, at *3 (S.D.N.Y. Mar. 8, 2018).

This case is not different. And H.A.'s contrary arguments—that H.A. received an excellent outcome and that DOE's failure to settle earlier accounts for much of the claimed hours—do not justify the full hours claimed. To be sure, "the most critical factor in determining the reasonableness of a fee award" is the degree of success obtained by plaintiffs' counsel. *See Farrar v. Hobby*, 506 U.S. 103, 114 (1992). Here, H.A. won the full relief she sought for her son. But the firm also prevailed in all of the above cases in which its requested award was trimmed. And although DOE's decision not to settle earlier and its initial unresponsiveness doubtless generated some extra work for the firm, including the need to prod DOE, this chore did

not make this case more complex or mandate a great deal of extra work. *See M.D.*, 2021 WL 3030053, at *6 ("[A]ny delay by Defendant has not rendered this proceeding unduly complex or time-intensive."); *see also S.J.*, 2020 WL 6151112, at *7 (reducing billed hours by 50% even where defendant engaged in tactics that drove up the plaintiff's billed hours).

Moreover, a review of the Cuddy Law Firm's submissions and time entries in this fees litigation reflects some of the "highly inefficient practice[s]" that decisions in previous fee actions have noted. *B.B.*, 2018 WL 1229732, at *3. For instance, the firm billed 6 hours to drafting the federal complaint. But that 15-page document overwhelmingly consisted of a long series of single-sentence paragraphs that chronologically traced the administrative phase of the case, followed by largely boilerplate recitations of the two causes of action, each customary for IDEA litigation. H.A. has not explained why this effort took six hours, or why bulking up the federal complaint to this length was necessary; the firm's complaints in IDEA cases where it has won fee awards in this District have often run just three to five pages. *See, e.g., M.D.*, No. 20 Civ. 6060 (LGS) Dkt. 1; *S.J.*, No. 20 Civ. 1922 (LGS) (SDA) Dkt. 1; *H.G.*, No. 18 Civ. 6851 (VEC) Dkt. 1.

Also unreasonable is H.A.'s bid for the City to cover all 8 hours that Kopp spent drafting a 57-page declaration defending, often in some detail, nearly each line item on the firm's 33-page billing statement. *See* Dkts. 28-1; 29 at 8–55. Declarations from counsel in a follow-on litigation over fees can serve the useful process of explaining and contextualizing the projects to which counsel reasonably devoted time. But counsel's contemporaneous time records should themselves accurately and comprehensively report legal work. There is no need for counsel to undertake the costly exercise of preparing such a voluminous declaration to rehabilitate a long list of individual time entries. Finally, inasmuch as the Court has struck as unreasonable material

aspects of H.A.'s fee request for the administrative proceeding, it follows that the time counsel

spent unsuccessfully defending such work before this Court ought not be compensable, either.

The fee request here ought to have been routine. Simply put, as in *M.D.*, "Plaintiff filed

the complaint, followed by service and summary judgment briefing on the straightforward issue

of fees." 2021 WL 3030053, at *6. The routine process of seeking a reasonable fee should not

have taken nearly 70 hours of attorney and paralegal time. The Court finds that an across-the-

board reduction of 20% of the hours devoted to the fees litigation is necessary to bring the fee

request into line with reasonable billing practices. *Cf. HomeAway.com*, 523 F. Supp. 3d at 593

(reducing fee award by 25%); *Beastie Boys*, 112 F. Supp. 3d at 57 (reducing fee award by 30%

and citing cases).

### 3. Costs

Although many of the cost items for which H.A. seeks recompense are justified, the

Court declines to shift the costs of select items to the City.

First, the Court declines to shift responsibility to the City for counsel's lodging expenses.

*See C.D.*, 2018 WL 3769972, at *13 ("[T]he Court will not award any costs for lodging. An

attorney who was sited within a reasonable distance of the hearing location could commute daily

to the hearings, obviating any need for lodging."); *K.F.*, 2011 WL 3586142, at *6 ("[I]t is

doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York

City attorney if it meant paying New York City rates and an additional five hours in billable time

for each trip."); *R.G.*, 2019 WL 4735050, at *6 (declining to award lodging expenses to Cuddy

Law Firm). The Court deducts from the award Kopp's $128.64 in lodging costs.

The Court also agrees with DOE that $.50 per page for printing is excessive. The Court

reduces the reimbursable printing expenses to the reasonable rate of $.10 per page. *See R.G.*,

2019 WL 4735050, at *6 (finding $.50 per page excessive, noting that "$0.10 per page continues to be entirely reasonable compensation for printing costs, absent any indication in the record why the copies in this case are exceptionally expensive").

The Court deducts entirely Kopp's meal expenses, as "the meals were not necessitated by the representation and would not have been billed by local counsel." *R.G.*, 2019 WL 4735050, at *6. This requires a deduction of $18.38.

The Court does not, however, deduct the fax costs incurred, as H.A. has explained that DOE requires records requests to be submitted by fax. *See* Dkt. 28 ¶ 78. Postage costs, too, are reasonably included in the award. *See J.R.*, 2021 WL 3406370, at *6.

### 4.    Pre- and Post-Judgment Interest

The Court exercises its discretion not to award pre-judgment interest. H.A. has not cited any IDEA case in this Circuit where it was awarded, or explained why such an award is necessary here for H.A. to be adequately compensated. *See S.J.*, 2020 WL 6151112, at *7 (declining to award pre-judgment interest for similar reasons); *M.H.*, 2021 WL 4804031, at *29–30 (analyzing in detail the statutory and precedential authority on the propriety of including pre-judgment interest in an attorney's fee award in an IDEA case in this Circuit, and denying request for as much).

The Court does award, as required, post-judgment interest. *See* 28 U.S.C. § 1961; *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)); *see also S.J.*, 2021 WL 100501, at *5.

### D.   Declaratory Judgment

Finally, the Court denies H.A.'s bid for a declaration that DOE unreasonably protracted a final resolution of the administrative proceeding—a declaration it seeks in support of its request that the City pay the entire award H.A. seeks.

Such a declaration would not serve any functional purpose, as the Court's parsing of the fee request here has identified numerous components that would have required pruning whether or not the City unreasonably delayed the proceeding below.  And courts in this District have repeatedly declined bids by the Cuddy Law Firm, on this ground, to effect a wholesale shift of responsibility for fees to the City.  *See, e.g., M.D.*, 2021 WL 3030053, at *6 (rejecting argument because "any delay by Defendant has not rendered this proceeding unduly complex or time-intensive"); *H.C.*, 2021 WL 2471195, at *6 (declining to find that DOE unreasonably protracted final resolution by, *inter alia*, failing to adopt a consistent position on whether it would defend the case); *S.J.*, 2020 WL 6151112, at *4 (same where DOE's representative was unresponsive, leading to significant delays in proceedings); *R.G.*, 2019 WL 4735050, at *1 n.2; *M.H.*, 2021 WL 4804031, at *25.

In arguing that an unreasonable delay by DOE justifies shifting all fees to the City, H.A. relies on Section 1415(i)(3)(G) of the IDEA.  But Judge Liman, reviewing the statutory language and relevant case law on this provision, persuasively explained why an award, in all events, must be limited to work reasonably incurred:

> [A] conclusion that Defendant unreasonably protracted the resolution of the proceedings and forced Plaintiff to engage in what should have been unnecessary work might justify the reasonableness of some of the hours worked by counsel and the paralegals.  However, it would not entitle [Cuddy Law Firm] to more than a reasonable attorney's fee calculated based on the standards well established by the Supreme Court and in this Circuit.

*M.H.*, 2021 WL 4804031, at *25.

In any event, here, the Court is unprepared to find, on the record at hand, that DOE unreasonably protracted a final resolution.  DOE appears at times during the administrative proceeding to have been regrettably non-responsive.  But neither that nor DOE's decision not to settle earlier with H.A. are grounds to find that it unreasonably protracted a final resolution here. Contrary to H.A.'s claims, DOE did not have a duty to settle at the various administrative-stage "midpoints" that H.A. identifies (*see* Mot. at 7–9).  That H.A. had to attend a brief administrative hearing before prevailing also does not bespeak unreasonable delay by the DOE. *See M.D.*, 2021 WL 3030053, at *6 (rejecting similar arguments as unpersuasive); *H.C.*, 2021 WL 2471195, at *8 (same).  The Court denies H.A.'s motion for declaratory judgment.

## IV.  Bottom-Line Calculations

The charts below summarize the Court's award of fees and costs, taking into account the rulings above.  These include: (1) the hourly rates as determined by the Court, (2) the reductions for Kopp's travel time; (3) the across-the-board 20% reduction in the total fee award; and (4) the Court's rulings as to permitted and disallowed costs.

| Attorney's Fees:  Administrative Proceeding | | | |
|---|---|---|---|
| **Attorney** | **Rate** | **Hours** | **Total** |
| Andrew Cuddy | $375.00 | 1.5 | $562.50 |
| Michael Cuddy | $375.00 | 0.5 | $187.50 |
| Justin Coretti | $275.00 | 0.3 | $82.50 |
| Benjamin Kopp (excluding travel hours) | $250.00 | 33.7 | $8,425.00 |
| **Preliminary Total** | | **36** | **$9,257.50** |
| **Total (after 20% reduction)** | | | **$7,406.00** |
| Paralegal Fees:  Administrative Proceeding | | | |
| Shobna Cuddy | $100.00 | 2.4 | $240.00 |
| Sarah Woodard | $100.00 | 0.7 | $70.00 |
| Amanda Pinchak | $100.00 | 6.3 | $630.00 |
| Cailin O'Donnell | $100.00 | 6.7 | $670.00 |
| Emma Bianco | $100.00 | 1.6 | $160.00 |
| Burhan Meghezzi | $100.00 | 0.2 | $20.00 |

| Preliminary Total | | 17.9 | $1,790.00 |
| Total (after 20% reduction) | | | $1,432.00 |
| **Attorney's Travel Fees: Administrative Proceeding** | | | |
| Attorney | Rate | Hours | Total |
| Benjamin Kopp Travel | $125.00 | 0.8 | $100.00 |
| Preliminary Total | | 0.8 | $100.00 |
| Total (after 20% reduction) | | | $80.00 |

| Attorney's Fees: SDNY | | | |
|---|---|---|---|
| Attorney | Rate | Hours | Total |
| Andrew Cuddy | $375.00 | 8.5 | $3,187.50 |
| Benjamin Kopp | $250.00 | 49 | $12,250.00 |
| Preliminary Total | | 57.5 | $15,437.50 |
| Total (after 20% reduction) | | | $12,349.60 |
| **Paralegal Fees: SDNY** | | | |
| Shobna Cuddy | $100.00 | 1.6 | $160.00 |
| Cailin O'Donnell | $100.00 | 9.4 | $940.00 |
| Preliminary Total | | 11 | $1,100.00 |
| Total (after 20% reduction) | | | $880.00 |

| Costs:  Administrative Proceeding | |
|---|---|
| Expense | Total |
| Fax | $234 (at a cost of $2 per page) |
| Printing | $39.30 (at a cost of $0.10 per page) |
| Postage | $43.83 |
| Total | $317.13 |

| Costs:  SDNY | |
|---|---|
| Expense | Total |
| Filing Fee | $402.00 |
| Total | $402.00 |

## CONCLUSION

For the reasons reviewed above, the Court awards H.A., as the prevailing party, a total of $22,866.73 in reasonable attorneys' fees and costs.  The Clerk of Court is respectfully directed to close the motion pending at docket entry 27 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 25, 2022
New York, New York